[Civ. No. 23761. Second Dist., Div. One. May 7, 1959.]

A. H. L. ANDREAS et al., Plaintiffs; LINNEA ANDREAS, Appellant, v. CALIFORNIA MILLING CORPORATION (a Corporation) et al., Respondents.

Arnold Rumwell, Dwain L. Clark and Charles A. Thomasset for Appellant.

Hagenbaugh, Murphy & Meifert for Respondents.

FOURT, J.—Appellant has petitioned this court for relief from a default, and further that the court "grant an extension of time to request the Clerk of the Superior Court for preparation of a Reporter's Transcript." Respondents have moved to dismiss the appeal.

The plaintiffs brought an action for the wrongful death of Alexander Andreas, who was killed January 28, 1957, while a passenger in a truck owned and operated by California Motor Express Company, which said truck was involved in a collision with a truck owned by California Milling Corporation and driven by Donald Ray Huard, an employee of the corporation. The petitioner here is the surviving wife of Alexander Andreas.

The petitioner was represented during the trial by the law firm of Dryden, Harrington, Horgan and Swartz. The remaining plaintiffs, the father and mother of the deceased, were represented by the law firm of Hightower, Gregg and Garland. A trial was had before a jury and the verdict was against the plaintiffs and for the defendants. A judgment on the verdict was entered April 25, 1958. A motion for a new trial was made April 29, 1958, and denied June 4, 1958.

Notice of appeal from said judgment was filed June 27, 1958, by Linnea Andreas, "in propria persona," she apparently having theretofore discharged the attorneys who represented her at the trial.

In a letter dated August 19, 1958, to the District Court of Appeal, the petitioner requested that she be relieved of default and be granted an extension of time to request the clerk of the superior court for preparation of a record on appeal. She stated further that she was ignorant of the law and court proceedings, and that she had thought the defendant would be required to make an answer to the notice of appeal before she could request preparation of a record on appeal. The court thereafter, on September 2, 1958, made the following order:

"Pursuant to application of appellant and good cause appearing, the clerk of the superior court of Los Angeles county is directed to receive and file request for preparation of record herein if tendered within ten days from the date hereof. Dated: Sept. 2, 1958

**Shinn, P. J.**"

A certified copy of the order was filed in the superior court on September 10, 1958.

The petitioner did, on September 10, 1958, file with the clerk of the superior court a document dated September 6, 1958, and denominated a "request for a record on appeal" as follows:

"Appellant respectfully requests a record on appeal, will you kindly prepare a record on appeal advising me, at your convenience the cost of such record.

"Notice of appeal was filed June 27th, 1958, judgment entered April 25, 1958 in book 3485, page 155A.

"Attached to this request is directive from the District Court of Appeal of the State of California, Second Appellate District, Division Three signed 'Shinn, P.J.,' extending time limit for this request to September, 12th, 1958

"Respectfully submitted,

Linnea Andreas
in propria persona
(Linnea Andreas)
32132 Rancho Vista Drive
"Dated September 6th, 1958 Palm Springs, California"

Pursuant to rule 5 of the Rules on Appeal, a notice by the clerk of the superior court (notice to appellant *re* fee for clerk's transcription on appeal), designating the estimated cost for the preparation of the clerk's transcript, was mailed October 15, 1958, to plaintiff at her address. The notice contained a footnote which read as follows:

"The above estimate includes only the Notice of Intention to Move for New Trial, ruling thereon, Notice of Appeal, Notice to Clerk and Order. Should you desire any other papers or records to be included in the Clerk's Transcript, the same must be designated by the parties (Rule 5d Rules on Appeal), in which case the cost will be more."

Thereafter she was notified by a communication dated and mailed on October 15, 1958, as to what would be contained in the record she had requested and the approximate fee therefor.

In the affidavit of one of the petitioner's present attorneys (substituted in the case March 27, 1959), it is set forth that on October 21, 1958, appellant directed to the clerk a letter which set forth, in part, that she requested " '. . . a copy of complete transcript of trial proceedings including all statements made by "His Honor, the Judge," lawyers and all

witnesses'; that on the 26th day of November, 1958, the appropriate Deputy in the office of the County Clerk of Los Angeles County, advised that a Stipulation designating a Reporter's Transcript must be obtained from attorneys representing Defendants and Respondents herein, the County Clerk having previously advised said Linnea Andreas on November 20th, 1958, that by reason of the expiration of the ten days previously granted by the District Court of Appeal for the Second Appellate District, it would be necessary to obtain said Stipulation. That said Linnea Andreas, in writing on December 1, 1958, requested counsel for Respondents to agree to such stipulation, and said request was denied in writing by counsel for Respondents on December 17, 1958.'' There is no such letter in the record before us.

In the affidavit of one of the attorneys for respondents it is set forth that they received a letter from petitioner on December 4, 1958, which in part set forth:

''In my efforts to secure a reporters transcript of the testimony, etc., at original trial, I have received advice from the esteemed Harold J. Ostly, County Clerk, that my notice of September 10th, 1958 did not request preparation of reporters transcript but only requested a 'Record on Appeal', and that since time limit had expired I would have to secure a stipulation from defendant permitting at this default date preparation for myself of a reporter's transcript.

'In my ignorance I believed originally that 'Record of Appeal' would include a Reporter's Transcript.''

After counsel for the respondents conferred with their clients, such attorneys informed the petitioner that no stipulation could be entered into with reference to the preparation of the reporter's transcript.

The clerk's transcript was filed December 22, 1958. Notice of completion of the transcript on appeal was filed February 17, 1959.

In a letter dated February 28, 1959, and filed March 11, 1959, in the District Court of Appeal, the petitioner requests that she be relieved of her default and granted an extension of time to request the clerk of the superior court for preparation of a reporter's transcript. She states in the letter, among other things, ''Plaintiff was ignorant of the Rules on Appeal, also that the terminology 'Record date on Appeal' and 'Clerk's Transcript on Appeal' did not include Reporter's Transcript, and on October 26th requested of Clerk of the

Supreme Court to also include a Reporter's Transcript in his preparation of appeal documents.

"Clerk of Superior Court advised that he could not prepare a Reporter's Transcript as this was not included in the Appellate Court's directive.

"Plaintiff then appealed to the Attorneys for the Defendant for a stipulation permitting the preparation of Reporter's Transcript for use in the appeal declaration. Defendant refused to grant stipulation."

 It is conceded by the appellant and petitioner, who is now represented by counsel, that she has failed to comply with the Rules on Appeal, and is now in default. She urges that this court, under rule 53(b), should relieve her of such default.

It must also be noted that so far as we have been able to determine, no request has ever been made for the pleadings.

The plaintiff's parents did not appeal and the action is final as to them.

In other words, the petitioner filed her notice of appeal and then failed or neglected to file a request within the time prescribed by the rules for preparation of the record of proceedings in the trial court. The District Court of Appeal relieved her of that default in September, 1958, and in effect said that if she would make the proper requests within 10 days she could proceed with the appeal. She apparently was fully cognizant of the rules when she made her request for such relief in August, 1958. Under the order of Presiding Justice Shinn, she could have secured the reporter's transcript and the pleadings had she been so minded. It was not up to the court to tell her what type of record she should request or secure to the end that the cause be reviewed in this court.

With the knowledge, on September 2, 1958, that she had 10 days within which to do what she wanted to do, she made no request for a reporter's transcript. On October 15, 1958, she was told by the county clerk what would be contained in the record that she had requested. In effect, her present attorney now states that on October 26, she, the appellant, asked the clerk to include the reporter's transcript in the record and he informed her that he could not include such a transcript in the record under the circumstances. Nothing was then done until about December 1, 1958, 35 days later, when she asked for a stipulation from the defendants so that she could obtain a reporter's transcript. On December 17th, she was told by the defendants that they could not so stipulate.

About 70 days later she wrote this court another letter requesting that she be relieved from her second default.

The respondents have filed a motion to dismiss the appeal, which has attached to it the clerk's certificate containing the statements required by rule 42a of the Rules on Appeal. It is the contention of the respondents that the appellant has failed to comply with rule 4a, and as heretofore indicated, appellant admits, as she must, that there was and is a default in such connection.

The court has the power to relieve a party from a default suffered through inadvertence, or excusable neglect, or mistake; however, the appellant must show affirmatively that her case falls within a category wherein relief can and ought to be granted. We do not believe that the appellant in this case has made a sufficient showing under the circumstances. The Rules on Appeal were designated to expedite the business of the court, and not to encourage procrastination, delay and defaults. The appellant attempted to represent herself, but that circumstance should not entitle her to any special privileges. She was cognizant of the difficulties which she might encounter if she did attempt to represent herself. We can find no sound reason why, under the facts of this case, the appellant should receive different treatment than a lawyer representing a client under the same facts and circumstances.

The appellant's motion to be relieved of the default is denied; and the motion to dismiss the appeal is granted.

White, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 1, 1959.